Jennifer Quinn-Barabanov
202 429 0827
Jquinnbarabanov@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036
202 429 3000 main
www.steptoe.com



July 14, 2023

By ECF

The Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *John Collins v. Pearson Education, Inc.*, 1:23-cv-2219 (PAE)

Dear Judge Engelmayer:

     Pursuant to Rule 2(c) of the Court's Individual Rules, I write on behalf of Defendant Pearson Education, Inc. ("Pearson") to respectfully request that the Court enter an order staying discovery in the above referenced case, including Pearson's initial disclosures, until resolution of Pearson's pending motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6) and motion to strike under Rule 12(f). *See* ECF Nos. 10–12. Pearson has engaged in good faith discussions with Plaintiff pursuant to Fed. R. Civ. P. 26(f) and it has become clear that Plaintiff is not amenable to any stay of discovery.

     Fed. R. Civ. P. 26(c) affords this court "considerable discretion to stay discovery" if a movant shows "good cause." *Integrated Sys. and Power, Inc. v. Honeywell Intern., Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). A pending motion to dismiss may constitute "good cause." *E.g. Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also Martin v. Meredith Corp.*, Case No. 1:22-CV-04776 (S.D.N.Y Feb. 17, 2023), ECF No. 44 (staying discovery in VPPA case pending resolution of motion to dismiss). In determining whether to grant a stay during the pendency of a motion, the court considers (1) the strength of the pending motion, (2) the breadth of discovery sought and the burden of responding to it, and (3) any prejudice that would result to the party opposing the stay. *Richardson v. City of New York*, 2022 WL 2003340, at * 1 (S.D.N.Y. June 6, 2022). All of these factors support a stay in this case.

     **Strength of the Motion.** Pearson's motion "is not unfounded in the law," which "weighs in favor of a stay." *Richardson v. City of New York*, 2022 WL 2003340, at *2 (S.D.N.Y. June 6, 2022) (quotations omitted). Pearson raises genuine issues regarding the Court's subject-matter jurisdiction and there is "ample authority for staying discovery on the merits until jurisdictional issues have been resolved." *SCM Corp. v. Brother Int'l Corp.*, 316 F. Supp. 1328, 1336 n.9 (S.D.N.Y. 1970). Plaintiff offers nothing more than conclusory allegations, unsupported by facts,

that cannot establish an Article III injury in fact or a claim for relief. Even setting aside that significant pleading defect, Pearson has demonstrated that Plaintiff's claim is riddled with other fatal flaws. For example, Pearson demonstrated in its motion—with support from the Youssef Declaration—that a user's browser, not Pearson, transmits the information which allegedly identifies Plaintiff. ECF No. 11 at 10. Pearson also showed that the transmission cited in Plaintiff's Complaint—which, according to Plaintiff, demonstrates how the Pixel "uniformly functions"—does not disclose the title of the video purportedly watched, a necessary element of a VPPA claim. ECF No. 11 at 22; *see also* ECF No. 23 at 2–3. Additionally, Pearson showed how the information purportedly disclosed is indecipherable to an ordinary person, and the many steps an ordinary person would have to take to even attempt to extract PII, failing to satisfy the generally accepted "ordinary person" standard. ECF No. 11 at 17–20. In short, Pearson has exposed several grounds that independently warrant dismissal, enhancing the strength of Pearson's dispositive motion and weighing in favor of a stay. *See Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay where motion to dismiss raised several arguments that would independently warrant dismissal).

Regarding Pearson's motion to strike, Pearson demonstrated that Pearson+ users are subject to the Pearson+ Subscription Agreement, which contains an agreement to arbitrate any claims and a class action waiver. ECF Nos. 11 at 25, 11-1. Plaintiff's only response is that Pearson raises the issue prematurely, ECF No. 22 at 24–25, ignoring voluminous precedent that questions of arbitrability *should* be raised early, ECF No. 23 at 9–10. Plaintiff offered no basis to believe discovery would alter the inescapable conclusion that the Pearson+ Subscription Agreement eliminates "millions of [proposed] class members". *See* ECF No. 1 at ¶ 43; ECF No. 22 at 24–25.

The Court need not predict a resolution of Pearson's motions; a "preliminary look" reveals they are "not unfounded in the law and appear[] to have substantial grounds." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (quotations omitted). The strength of Pearson's motions to dismiss and strike weigh in favor of a stay.

**Breadth and Burden of Discovery.** Plaintiff's proposed class and vague allegations demonstrate that Plaintiff intends to seek broad and burdensome discovery, favoring a stay. The proposed class is itself overly broad: "All persons in the United States who subscribed to Pearson, requested or obtained video materials or services on Pearson's website, used Facebook during the time the Pixel was active on Pearson's website, and whose Personal Viewing Information Pearson disclosed to Facebook." ECF No. 1 at ¶ 40. As highlighted in Pearson's motion to dismiss, this proposed class definition improperly includes Pearson+ users, each of whom has executed a class action waiver and agreed to arbitrate any claims. *See* ECF Nos. 11 at 25, 11-1. The Complaint alleges there are over two million registered Pearson+ users, all of whom fall within Plaintiff's proposed class definition. ECF No. 1 at ¶ 43. Any and all discovery concerning Pearson+ subscribers "would waste the parties' resources and would constitute an undue burden" on Pearson, should the Court ultimately grant either Pearson's motion to dismiss or motion to strike. *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997).

Further, Plaintiff seems to have intentionally omitted what he himself purportedly subscribed to, ECF No. 1 at ¶ 33 (stating only that he is a "Pearson subscriber"), and what he watched or when he watched it, likely for the very purpose of justifying broad discovery into all

Pearson users across all Pearson webpages. This coy approach foretells a fishing expedition, with wide-ranging discovery requests that would impose a heavy burden on Pearson. If Pearson's motion to dismiss is granted, the burden associated with responding to anticipated wide-ranging discovery requests "will likely have served little purpose." *Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at * 2 (S.D.N.Y. Feb. 15, 2007). Disposition of Pearson's motions to dismiss or strike may well resolve some or all of the issues in this case, and a stay of discovery in the interim would conserve the Court's and the parties' resources.

**Prejudice.** Plaintiff would suffer no prejudice from a stay of discovery. This matter is in the early stages of litigation and Pearson's motion to dismiss is fully briefed. Should the Court grant that motion to dismiss, Plaintiff will not be entitled to discovery. If the Court denies the motion, the stay would be a brief one that would not cause prejudice. *See Integrated Sys. and Power, Inc. v. Honeywell Intern., Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting a stay where discovery requests had not yet been served and the stay would "delay the commencement of discovery for only a few months[.]").

For the foregoing reasons, the Court should stay all discovery, including initial disclosures, pending resolution of Pearson's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6), and Motion to Strike under Rule 12(f).

Respectfully,

*/s/ Jennifer Quinn-Barabanov*
Jennifer Quinn-Barabanov

cc: all counsel of record (by ECF)

The Court has received defendant's letter at docket 24. Plaintiff's response, if any, is due July 19, 2023.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
July 14, 2023

3