UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN COLLINS,

                                                    Plaintiff,

                        -v-

PEARSON EDUC., INC.,

                                                    Defendants.

---

23 Civ. 2219 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On March 15, 2023, plaintiff John Collins filed the above-captioned case alleging

violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, against defendant

Pearson Education, Inc. ("Pearson"). Dkt. 1. On May 16, 2023, Pearson moved to dismiss.

Dkts. 10-12. On June 13, 2023, Collins opposed the motion, Dkt. 22, and on June 27, 2023,

Pearson replied, Dkt. 23. On July 14, 2023, Pearson moved to stay discovery until its motion to

dismiss was resolved. Dkt. 24. On July 19, 2023, Collins opposed the stay. Dkt. 28. For the

foregoing reasons, the Court grants Pearson's letter motion at docket 24, and stays discovery in

the above-captioned case pending resolution of the motion to dismiss.

Although a motion to dismiss does not automatically stay discovery,[1] district courts have

"considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)" "upon a showing of

good cause." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69,

72 (S.D.N.Y. 2013) (internal quotation marks omitted). "If a motion to dismiss is pending,

courts typically consider several factors in determining whether to stay discovery; including:

---

[1] Save, by statute, in cases covered by the Private Securities Litigation Reform Act. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious,
(2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair
prejudice to the party opposing the stay." *Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL
2021560, at *2 (S.D.N.Y. Feb. 15, 2023) (internal quotation m arks omitted).

The Court addresses these factors in turn. First, resolving Pearson's motion to dismiss,
the Court finds the arguments there sufficient to support a stay, as these are "potentially
dispositive, and appear[] to be not unfounded in the law." *See, e.g.*, *Alapaha View Ltd. v.
Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10,
2021) (collecting cases) (granting stay); *HAHA Glob., Inc. v. Barclays*, No. 19 Civ. 04749 (VEC)
(SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (defendants raised viable grounds for
dismissing complaint); *Tr. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on
Piers LLC*, No. 19 Civ. 7755 (VEC), 2019 WL 6912282, at *2 (S.D.N.Y. Dec. 19, 2019) (same).
Pearson puts forward multiple, independent bases for dismissing Collins's VPPA claim—the
sole claim in this action—including that Collins failed to viably allege standing or the sharing of
personally identifiable information. These arguments appear to have a foundation in law.

Second, as Pearson notes, discovery is likely to be burdensome given that Collins's
claims are brought on behalf of a putative class. Dkt. 24 at 2–3. Collins's response that
discovery requests seek only "documents sufficient to show" certain propositions does not
respond to this concern. *See* Dkt. 28 at 3; *id.*, Ex. A. On the contrary, Collins's interrogatory
requests, which are attached as an exhibit to his response, reinforce the potential breadth of the
discovery he seeks. They include such broad requests as: "[i]dentify by URL every webpage
containing video content operated by You on which the Pixel is or was installed," Dkt. 28, Ex. A
at 11, "[w]ithout temporal restriction," and "[i]dentify all Putative Class members you claim are

subject to arbitration," *id.* at 13. Moreover, "because the disposition of the dismissal motions" may entirely eliminate the single claim alleged in this case, proceeding with discovery while the motion is pending would waste the parties' resources and constitute an undue burden on defendant. *See, e.g., HAHA Glob., Inc.*, 2020 WL 832341, at *1 (staying discovery where motion to dismiss would significantly narrow claims); *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); *see also Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable."). Finally, granting the stay would not unfairly prejudice plaintiff. The motion to dismiss has been briefed and a stay is unlikely to be protracted. *See, e.g., Alapaha View Ltd.*, 2021 WL 1893316, at *3 (stay not prejudicial where case was young and stay would be brief); *HAHA*, 2020 WL 832341, at *1 (same); *Spinelli*, 2015 WL 7302266, at *2 (stay pending determination of dispositive motion that would potentially eliminate entire action not prejudicial).

Accordingly, the Court respectfully directs the Clerk of Court to terminate the letter motion at docket 24.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 24, 2023

New York, New York